On the other hand, the decedent had a compound fracture of both bones of her leg, which, according to the medical testimony, prevented her from walking. She is found sitting in front of a butcher shop at the corner of Hudson and Houston streets with her bone protruding. It was impossible for her in her condition to have walked that far from the alleged scene of the accident. From Hudson and Houston she was carried by Lynch and Seitter to her home. She said to various witnesses that she had fallen in Hudson street. Her attending physician and two policemen who saw her two days after the accident so testified. Her daughter had said that she had fallen in Hudson street. It is clear that the woman that Mrs. Daggett says she saw fall in the coal hole is not identified as the decedent. The plaintiff has not sustained the cause of action set up in the complaint and submitted to the jury. The verdict was against the weight of evidence.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

HASBROUCK v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department.    March 9, 1910.)

1. CARRIERS (§ 397½*)—PASSENGERS—LOSS OF BAGGAGE.

    Where a railroad conductor in charge of a train sent one of the trainmen under his control to assist a passenger in carrying a suit case from a car, he acted within the scope of his employment, and for the servant's negligence the carrier was liable.

    [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 397½.*]

2. BAILMENT (§ 31*)—NEGLIGENCE—EVIDENCE.

    Notwithstanding the rule that, in case of bailment, the burden is on the bailor to establish negligence in the care of goods, an unexplained failure to deliver on demand is prima facie evidence of negligence.

    [Ed. Note.—For other cases, see Bailment, Cent. Dig. § 124; Dec. Dig. § 31.*]

3. CARRIERS (§ 397½*)—LOSS OF BAGGAGE—LIABILITY.

    Where a passenger places his baggage in the custody of the carrier's employé, the carrier is liable not only for theft by the employé, but for his negligence.

    [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 397½.*]

4. CARRIERS (§ 405*)—"BAGGAGE"—LIABILITY FOR LOSS.

    Under Public Service Commission Act (Laws 1907, c. 429) § 38, providing that every common carrier shall be liable for loss of property carried as baggage up to the full value, but that the value in excess of $150 shall be stated on delivery to the carrier, a provision in a railroad ticket that no risk was assumed on baggage except for wearing apparel, of $100 in value, referred to "baggage" which was checked, and not to luggage personally carried by the passenger and delivered temporarily to the carrier's servant.

    [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 405.*]

    For other definitions, see Words and Phrases, vol. 1, pp. 663–670; vol. 8, p. 7586.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. CARRIERS (§ 397½*)—PASSENGERS—LOSS OF BAGGAGE.

    A passenger, if entitled to recover of a carrier for loss of property contained in a suit case delivered to the carrier's servant, was not precluded by the fact that the suit case was unlocked when delivered to the servant.

    [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 397½.*]

6. CARRIERS (§ 408*)—PASSENGERS—LOSS OF BAGGAGE.

    That a passenger, on delivering to the carrier's servant a suit case to be carried from the train, presented the servant with a small sum of money, did not, in an action for loss of property in the suit case, establish that the servant was in the passenger's employ.

    [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 408.*]

    Smith, P. J., dissenting.

Appeal from Trial Term, Ulster County.

Action by Julia M. Hasbrouck against the New York Central & Hudson River Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

For prior report, see 64 Misc. Rep. 478, 118 N. Y. Supp. 735.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Amos Van Etten, for appellant.

G. D. B. Hasbrouck, for respondent.

HOUGHTON, J. The plaintiff was a passenger on the Boston & Albany Railroad, operated by the defendant as lessee, and carried with her into the car in which she was riding a dress suit case in which was a pocketbook containing $20 in currency and three diamond rings of the value of $1,500.

The plaintiff was on her way to a social function, and her station in life was such that the rings were suitable for her personal use and adornment and proper as her personal apparel, and the money was only such as was necessary for the purposes of her journey.

The suit case had a defective lock and was held together by two clasps which were in order. As she neared the city of Worcester, in the state of Massachusetts, she asked the conductor of the train if he would send some one to take off her suit case at that place, and shortly thereafter one of the trainmen came to her and asked her if she was the lady who wished to be helped with her suit case, and upon her telling him that she was he took the same and carried it to the back end of the car. This was some few minutes before the train stopped, and when it did he handed it to her on the station platform, and without its leaving her possession she opened it and found that the rings and money had been taken from the pocketbook, but that all other articles were undisturbed. The plaintiff is positive in her assertion that at the city of New York when she boarded the train the rings and money were in the suit case, and that it did not leave her possession until the trainman took it, and that they were in it when she delivered it to him and were not in it when she received it from him.

The defendant introduced no evidence upon the trial explaining

either that the trainman did not rifle the bag, or how or where he left it the few minutes that it was under his control.

A rule of the defendant prescribed that conductors of trains should be responsible for the movement and care of the train and for the vigilance and conduct of the men employed thereon, and contained an admonition that the reputation of the road depended greatly upon the attention and courtesy shown to its patrons. The rule with respect to the duties of trainmen prescribed that they were subject to the orders of the conductor, and that they should take position at the car steps to assist passengers on and off the train, and generally look after their comfort.

The complaint is framed in two aspects, one charging the defendant with liability as common carrier, and the other as bailee. The decision of the learned trial court, as evidenced by his findings, places the responsibility upon the defendant as common carrier, although in his opinion, which we cannot consider, he speaks of negligence on the part of the defendant.

The defendant insists that the plaintiff in surrendering her suit case to the trainman before she arrived at the station, and permitting him to have it in his custody before she alighted from the train, constituted him her own agent or bailee, and that such service, to the knowledge of the plaintiff, was so far outside the scope of his employment by the defendant that it is not responsible for his negligence, or theft, or failure to deliver back the property in the condition in which it was delivered to him.

Of course, if the trainman was the agent or bailee of the plaintiff and not acting as the servant of the defendant, that is the end of the controversy, and the defendant is not liable. We are of the opinion, however, that such was not the situation. The conductor was in charge of the defendant's train. He was under no obligation to direct a trainman or any other person to take care of the plaintiff's baggage. He assumed, however, to send to her one of the defendant's employés, a trainman under his control, and a servant of the defendant. In taking the bag from the plaintiff and thus exercising control over it, he must be assumed to have acted for the defendant. Such an act was not so outside the scope of his employment as to make it an individual act of his own and constitute him the servant of the plaintiff. If this view be correct, it makes no difference whether the defendant thus had possession of the plaintiff's property as bailee or as common carrier. If such possession was as common carrier, the defendant was an insurer and was bound to redeliver what he received. Powell v. Myers, 26 Wend. 591; Merrill v. Grinnell, 30 N. Y. 594. There being no explanation respecting the loss of the goods or endeavor to account for their nondelivery, if the defendant be deemed a bailee, the plaintiff made a prima facie case of negligence. Fairfax v. N. Y. C. & H. R. R. Co., 67 N. Y. 11. Notwithstanding the rule that in case of bailment the burden is upon the bailor to establish negligence in the care of goods, an unexplained failure to deliver on demand is prima facie evidence of negligence. Claflin v. Meyer, 75 N. Y. 260, 31 Am. Rep. 467. If the plaintiff had retained the bag

in her own possession and had not delivered it to the trainman, the burden would have been on her to show affirmatively that the loss of it or of its contents was the result of some negligence on the part of the defendant. The situation presented is similar to that of the liability of parlor car companies, except that those companies employ porters specially to look after the luggage of passengers who pay extra compensation to ride in their cars. Even in such case, where the passenger retains the custody of his luggage, he cannot recover for theft by a fellow passenger or by an intruder unless he shows negligence on the part of the employés of the car company in the management or control of the car. Where the passenger places his luggage in the custody of the employé, however, the company is liable not only for theft by the employé, because it is bound to employ faithful servants, but for his negligence. 4 Elliott on Railroads, § 1623.

The ticket which the plaintiff purchased contained a provision (which the plaintiff did not observe) that no risk was assumed on baggage except for wearing apparel of $100 in value only, and the defendant insists that the plaintiff's recovery, if she is entitled to recover at all, is limited to that sum, or at most to the $150 prescribed by section 38 of the public service commission act. Laws 1907, c. 429. The contract embraced in the ticket and the law referred to manifestly refers to baggage which is checked, and not to luggage which the passenger personally carries and delivers temporarily to the carrier's servant. Holmes v. North German-Lloyd S. S. Co., 184 N. Y. 280, 77 N. E. 21, 5 L. R. A. (N. S.) 650.

While the holding of the defendant liable may be onerous and unusual, we see no escape from liability. It is true that the fastening of liability upon the defendant may open the door to gross fraud which will require courts in such cases to closely scrutinize the evidence. In the present case the defendant does not attack the truthfulness of the plaintiff's testimony, assuming if she was mistaken, that she was honestly so, but relies upon its legal effect on the assumption that it was truthful.

The defendant further complains of the refusal of the trial court to find certain requests respecting plaintiff's negligence in delivering the suit case unlocked to the trainman, and that she paid him for his services in connection therewith. If the plaintiff is entitled to recover at all, she is not precluded by the fact that she delivered unlocked a suit case to the defendant's servant. Nor did the fact that she presented him with a small amount of money establish that he was in her employ.

If we are correct in our views of the law, it follows that the judgment must be affirmed, with costs. All concur, except SMITH, P. J., dissenting.